IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

SUSAN FIORAVANTI-WEAVER, )
)
    Plaintiff, )
)
    v. ) Civil Action No. 15-65-E
)
CAROLYN W. COLVIN, ACTING )
COMMISSIONER OF SOCIAL SECURITY, )
)
    Defendant. )

O R D E R

AND NOW, this 19th day of April, 2016, upon consideration of Defendant's Motion for Summary Judgment (Doc. No. 21), filed in the above-captioned matter on September 8, 2015,

IT IS HEREBY ORDERED that said Motion is DENIED.

AND, further, upon consideration of Plaintiff's Motion for Summary Judgment (Doc. No. 19), filed in the above-captioned matter on August 5, 2015,

IT IS HEREBY ORDERED that said Motion is GRANTED IN PART and DENIED IN PART. Specifically, Plaintiff's Motion is granted to the extent that it seeks a remand to the Commissioner of Social Security ("Commissioner") for further evaluation as set forth below, and denied in all other respects. Accordingly, this matter is hereby remanded to the Commissioner for further evaluation under sentence four of 42 U.S.C. § 405(g) in light of this Order.

**I.**     **Background**

On May 24, 2012, Plaintiff Susan Fioravanti-Weaver protectively filed a claim for Disability Insurance Benefits under Title II of the Social Security Act, 42 U.S.C. §§ 401-434.

Specifically, Plaintiff claimed that she became disabled on May 1, 2009, due to carpal tunnel syndrome in both hands, nerve damage in her left arm, tendonitis in both arms, and anxiety. (R. 137).

After being denied initially on August 13, 2012, Plaintiff sought, and obtained, a hearing before an Administrative Law Judge ("ALJ") on July 15, 2013. (R. 61-64, 67-68, 8-21, 506-31). In a decision dated July 29, 2013, the ALJ denied Plaintiff's request for benefits. (R. 8-21). The Appeals Council declined to review the ALJ's decision on December 23, 2014. (R. 1-5). Plaintiff filed a timely appeal with this Court, and the parties have filed cross-motions for summary judgment.

## II. **Standard of Review**

Judicial review of a social security case is based upon the pleadings and the transcript of the record. See 42 U.S.C. § 405(g). The scope of review is limited to determining whether the Commissioner applied the correct legal standards and whether the record, as a whole, contains substantial evidence to support the Commissioner's findings of fact. See Matthews v. Apfel, 239 F.3d 589, 592 (3d Cir. 2001) (noting that "'[t]he findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive'" (quoting 42 U.S.C. § 405(g))); Schaudeck v. Comm'r of Soc. Sec. Admin., 181 F.3d 429, 431 (3d Cir. 1999) (stating that the court has plenary review of all legal issues, and reviews the administrative law judge's findings of fact to determine whether they are supported by substantial evidence).

"Substantial evidence" is defined as "'more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate'" to support a conclusion. Plummer v. Apfel, 186 F.3d 422, 427 (3d Cir. 1999) (quoting Ventura v. Shalala, 55 F.3d 900, 901 (3d Cir. 1995)). However, a "'single piece of evidence will not satisfy the substantiality test if the

[Commissioner] ignores, or fails to resolve, a conflict created by countervailing evidence.'" Morales v. Apfel, 225 F.3d 310, 317 (3d Cir. 2000) (quoting Kent v. Schweiker, 710 F.2d 110, 114 (3d Cir. 1983)). "'Nor is evidence substantial if it is overwhelmed by other evidence—particularly certain types of evidence (e.g., that offered by treating physicians)—or if it really constitutes not evidence but mere conclusion.'" Id.

A disability is established when the claimant can demonstrate some medically determinable basis for an impairment that prevents him or her from engaging in any substantial gainful activity for a statutory twelve-month period. See Fargnoli v. Massanari, 247 F.3d 34, 38-39 (3d Cir. 2001). "A claimant is considered unable to engage in any substantial gainful activity 'only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy . . . .'" Id. at 39 (quoting 42 U.S.C. § 423(d)(2)(A)).

The Social Security Administration has promulgated regulations incorporating a five-step sequential evaluation process for determining whether a claimant is under a disability as defined by the Act. See 20 C.F.R. § 404.1520. In Step One, the Commissioner must determine whether the claimant is currently engaging in substantial gainful activity. See 20 C.F.R. § 404.1520(b). If so, the disability claim will be denied. See Bowen v. Yuckert, 482 U.S. 137, 140 (1987). If not, the second step of the process is to determine whether the claimant is suffering from a severe impairment. See 20 C.F.R. § 404.1520(c). "An impairment or combination of impairments is not severe if it does not significantly limit [the claimant's] physical or mental ability to do basic work activities." 20 C.F.R. § 404.1521(a). If the claimant fails to show that his or her impairments are "severe," he or she is ineligible for disability benefits. If the claimant does have

3

a severe impairment, however, the Commissioner must proceed to Step Three and determine whether the claimant's impairment meets or equals the criteria for a listed impairment. See 20 C.F.R. § 404.1520(d). If a claimant meets a listing, a finding of disability is automatically directed. If the claimant does not meet a listing, the analysis proceeds to Steps Four and Five.

Step Four requires the ALJ to consider whether the claimant retains the residual functional capacity ("RFC") to perform his or her past relevant work, see 20 C.F.R. § 404.1520(e), and the claimant bears the burden of demonstrating an inability to return to this past relevant work, see Adorno v. Shalala, 40 F.3d 43, 46 (3d Cir. 1994). If the claimant is unable to resume his or her former occupation, the evaluation then moves to the fifth and final step.

At this stage, the burden of production shifts to the Commissioner, who must demonstrate that the claimant is capable of performing other available work in the national economy in order to deny a claim of disability. See 20 C.F.R. § 404.1520(g). In making this determination, the ALJ should consider the claimant's RFC, age, education, and past work experience. See id. The ALJ must further analyze the cumulative effect of all the claimant's impairments in determining whether he or she is capable of performing work and is not disabled. See 20 C.F.R. § 404.1523.

### III. The ALJ's Decision

In the present case, the ALJ found that Plaintiff met the insured requirements of the Social Security Act through December 31, 2014. (R. 14). Accordingly, to be eligible for Disability Insurance Benefits, Plaintiff had to establish that she was disabled on or before that date. See 42 U.S.C. §§ 423(a)(1)(A), (c)(1)(B); 20 C.F.R. §§ 404.101, .110, .131.

The ALJ then proceeded to apply the sequential evaluation process when reviewing Plaintiff's claim for benefits. In particular, the ALJ found that Plaintiff had not been engaged in

substantial gainful activity since the alleged onset of disability. (R. 14). The ALJ also found that Plaintiff met the second requirement of the process insofar as she had several severe impairments, specifically, left elbow pain, bilateral carpal tunnel syndrome, and generalized anxiety disorder. (R. 14). The ALJ further concluded that Plaintiff's impairments did not meet any of the listings that would satisfy Step Three. (R. 14-15).

The ALJ next found that Plaintiff retained the RFC "to perform medium work as defined in 20 C.F.R. § 404.1567(c); however, she cannot engage in more than frequent handling and fingering and is further limited to occupations not involving high levels of stress, i.e., those requiring independent decisionmaking, rapid production pace or quotas, or occupations subject to close supervision or close interaction with co-workers or the general public." (R. 15). At Step Four, the ALJ found, based on this RFC, that Plaintiff had established that she is incapable of returning to her past employment, so he moved on to Step Five. (R. 19-20). The ALJ then used a vocational expert ("VE") to determine whether or not a significant number of jobs existed in the national economy that Plaintiff could perform. The VE testified that, based on Plaintiff's age, education, past relevant work experience, and RFC, Plaintiff could perform jobs that exist in significant numbers in the national economy, such as hand packer, laundry worker and industrial cleaner. (R. 20-21, 529-31). Accordingly, the ALJ found that Plaintiff was not disabled. (R. 21).

IV.     **Legal Analysis**

Plaintiff raises a single argument as to why she believes that the ALJ erred in formulating her RFC and finding her to be not disabled. While the Court does not fully agree with the rationale set forth by Plaintiff in her briefs, it does agree that remand is warranted in this case. Specifically, the Court finds that the ALJ failed to provide an adequate explanation of his

5

rationale in determining Plaintiff's RFC. Accordingly, the Court finds that the record is insufficient to support the ALJ's decision, and the Court will remand the case for further consideration.

Plaintiff claims that the ALJ did not properly weigh the medical opinion evidence of record in formulating the RFC because he substituted his own medical judgment for the opinions of consultative examining physician John C. Kalata, D.O., and state agency review physician Paul Fox, M.D. Dr. Kalata opined that Plaintiff could lift 10 pounds occasionally and 2-3 pounds frequently, and that she is limited in upper extremity pushing and pulling, and in reaching, handling, fingering, and feeling. (R. 414-15). Dr. Kalata also found that Plaintiff had certain environmental restrictions, including moving machinery, vibration, wetness and humidity. (R. 415). Dr. Fox, on the other hand, opined that Plaintiff could lift 20 pounds occasionally and 10 pounds frequently. (R. 55). Dr. Fox also found Plaintiff to have several postural limitations, including only occasional climbing of ladders, ropes and scaffolds, occasional kneeling and crawling, and he noted that she should avoid concentrated exposure to vibration. (R. 56).

Thus, Dr. Kalata's opinion limited Plaintiff to sedentary work with additional limitations, and Dr. Fox's opinion limited Plaintiff to light work with different limitations than those found by Dr. Kalata. The ALJ, however, rejected the exertional limitations in both of these opinions, and he declined to include most of the non-exertional and environmental limitations in Plaintiff's RFC as well. Instead, the ALJ found that Plaintiff has the RFC to perform medium work, with

6

the only additional physical limitations being that "she cannot engage in more than frequent handling and fingering."[1] (R. 15).

RFC is defined as "'that which an individual is still able to do despite the limitations caused by his or her impairment(s).'" Fargnoli, 247 F.3d at 40 (quoting Burnett v. Comm'r of Soc. Sec. Admin., 220 F.3d 112, 121 (3d Cir. 2000)); see also 20 C.F.R. § 404.1545(a). Not only must an ALJ consider all relevant evidence in determining an individual's RFC, the RFC finding "must 'be accompanied by a clear and satisfactory explication of the basis on which it rests.'" Fargnoli, 247 F.3d at 41 (quoting Cotter v. Harris, 642 F.2d 700, 704 (3d Cir. 1981)). "'[A]n examiner's findings should be as comprehensive and analytical as feasible and, where appropriate, should include a statement of subordinate factual foundations on which ultimate factual conclusions are based, so that a reviewing court may know the basis for the decision.'" Id. (quoting Cotter, 642 F.2d at 705); see also SSR 96-8p, 1996 WL 374184 (July 2, 1996), at *7 ("The RFC assessment must include a narrative discussion describing how the evidence supports each conclusion, citing specific medical facts (e.g., laboratory findings) and nonmedical evidence (e.g., daily activities, observations).").

Although the ALJ acknowledged the opinions of Dr. Kalata and Dr. Fox in his decision and explained that, after consideration, he was giving Dr. Kalata's opinion little weight and Dr. Fox's opinion partial weight, his discussion of these opinions in conjunction with the other evidence of record was simply insufficient to permit meaningful review. It is unclear to the Court how the ALJ ultimately reached his conclusion that Plaintiff can do medium work, and why exactly he declined to include (or even to discuss) the various non-exertional limitations

---

[1] The ALJ also included additional limitations related to Plaintiff's mental impairment, but because the ALJ's findings relating to such impairment are not in dispute, they are not discussed herein.

7

contained in these opinions. Not only was the ALJ's discussion of the opinions somewhat brief, but the ALJ's failure to evaluate the non-exertional limitations found by these physicians is problematic for the reviewing Court. As set forth above, Dr. Kalata found that Plaintiff has various limitations, but the ALJ failed either to include the specific limitations in the RFC or to discuss why he omitted them, other than generally stating that Dr. Kalata is not a treating physician and that his opinion was the result of a single assessment, primarily based on Plaintiff's self-reported symptoms, which are inconsistent with the weight of the other evidence and are not supported by clinical findings. (R. 19). Thus, the ALJ gave Dr. Kalata's opinion that Plaintiff is limited to sedentary work "little, if any, weight." The ALJ did, however, limit Plaintiff to no more than frequent handling and fingering which, the Court presumes, is based on Dr. Kalata's opinion (although he does not discuss or include any limitations on pushing, pulling, reaching or feeling, or any environmental limitations, which Dr. Kalata also found).

While the ALJ's discussion of Dr. Kalata's opinion was somewhat perfunctory, he barely discussed Dr. Fox's opinion at all. In fact, the ALJ never mentioned Dr. Fox by name, but he did explain generally that he was giving "partial weight to the opinions of the State Agency Medical Consultants."[2] (R. 19). As noted, <u>supra</u>, Dr. Fox found Plaintiff to be limited to light work, with additional postural and environmental limitations. Nevertheless, while the ALJ explained that he found Plaintiff's mental impairment to be severe, he also "concluded that the claimant should be able to perform work at the medium exertional level." (R. 19). As with his treatment of Dr. Kalata's opinion, the ALJ did not specifically discuss Dr. Fox's opinion that Plaintiff is limited to light work, other than noting that "clinical findings are minimal, with no X-ray evidence of any impairment and no indication of complaints with regard to hand or wrist pain in the past

---

[2] Another of the state agency opinions was provided by Richard A. Heil, Ph.D., who evaluated Plaintiff's mental health.

several years." (R. 19). The ALJ also declined to address the postural and environmental limitations found by Dr. Fox in any way whatsoever. Most noticeably, however, the ALJ failed to explain how he determined that Plaintiff could perform work at the medium exertional level. Other than noting that "there is simply no convincing medical evidence of physical impairment which would restrict her beyond this," the ALJ does not specify what particular evidence he relied upon in making his own determination.

Therefore, while the ALJ ultimately rejected the opinions limiting Plaintiff to light or sedentary work and instead determined that Plaintiff could perform medium work, the ALJ's limited explanation does not allow the Court to determine the basis for that decision, nor does it permit the Court to discern the reasons why the ALJ omitted most of the limitations noted by Dr. Fox and Dr. Kalata from the RFC. Moreover, in failing to address the limitations properly, it is not clear whether the ALJ chose to reject those limitations, whether he felt that the RFC fully accounted for Plaintiff's limitations, or whether the omission of any of those limitations was merely unintentional. While the ALJ was by no means required to simply adopt all of the findings of the medical opinions, he was required to explain his basis for rejecting them if he chose to do so. Thus, remand is required to allow for further discussion as to the ALJ's rationale for determining that Plaintiff is capable of medium work, as well as the basis for the ALJ's rejection of the non-exertional limitations contained in the opinion evidence, in formulating Plaintiff's RFC.[3]

Accordingly, in determining Plaintiff's RFC, the ALJ was not required to rely only on a particular physician's opinion, and he was not obligated to include straightaway the limitations

---

[3] To the extent, though, that Plaintiff asks this Court to reverse the ALJ's decision and award benefits, the record simply does not allow the Court to do so. The Court cannot find that substantial evidence in the record as a whole indicates that Plaintiff is disabled and entitled to benefits. See Podedworny v. Harris, 745 F.2d 210, 221-22 (3d Cir. 1984).

found by the physicians, as discussed above.[4] The ALJ was, however, obligated to adequately account for his conclusion that the various limitations should be rejected, and he was required to provide a thorough explanation of how he ultimately determined Plaintiff's RFC. Indeed, the Court expresses no opinion as to whether the ALJ's RFC determination regarding Plaintiff's impairments could be supported by the record. It is, instead, the need for further explanation that mandates the remand on this issue.[5]

---

[4]  Plaintiff's argument, that the ALJ did not properly weigh the medical opinion evidence because he did not rely on a medical opinion in formulating the RFC, is based on a mistaken understanding of the decision issued by the Court of Appeals for the Third Circuit in Doak v. Heckler, 790 F.2d 26 (3d Cir. 1986). As this Court explained in Doty v. Colvin, 2014 WL 29036 (W.D. Pa. Jan. 2, 2014), in Callahan v. Colvin, 2014 WL 7408700 (W.D. Pa. Dec. 30, 2014), and in other recent decisions, the Doak opinion does not hold that an ALJ's RFC findings must be based on a specific medical opinion. Instead, the Court of Appeals in Doak held simply that nothing in that particular record supported the finding by the ALJ that the plaintiff could perform light work.

Also, the interpretation of Doak advocated by Plaintiff would contradict the well-established rule that "[t]he ALJ—not treating or examining physicians or State agency consultants—must make the ultimate disability and RFC determinations." Chandler v. Comm'r of Soc. Sec., 667 F.3d 356, 361 (3d Cir. 2011); see also 20 C.F.R. §§ 404.1527(d)(2), 404.1546(c); SSR 96-5p, 1996 WL 374183 (July 2, 1996). "There is no legal requirement that a physician [must] have made the particular findings that an ALJ adopts in the course of determining an RFC." Titterington v. Barnhart, 174 Fed. Appx. 6, 11 (3d Cir. 2006); see also Chandler, 667 F.3d at 362 (holding that every fact incorporated into an RFC does not have to have been found by a medical expert). The Circuit Court, under the facts of that case, simply made a substantial evidence finding in light of a limited record; it did not create a new rule that an RFC determination must be based on a specific medical opinion. This general understanding is confirmed by subsequent Third Circuit case law. See Mays v. Barnhart, 78 Fed. Appx. 808, 813 (3d Cir. 2003).

Additionally, an RFC is properly based on all of the relevant evidence in the case record. See 20 C.F.R. §§ 404.1545. An ALJ is not limited to choosing between competing opinions in the record, and may instead develop his own. See 20 CFR §§ 404.1546(c). Nevertheless, as explained, supra, an ALJ is required to provide "'a clear and satisfactory explication of the basis on which [the RFC] rests.'" Fargnoli, 247 F.3d at 41 (quoting Cotter v. Harris, 642 F.2d 700, 704 (3d Cir. 1981)).

[5]  The Court notes that, upon remand, the ALJ should, of course, ensure that proper weight be accorded to all the opinion and other evidence presented in the record, and he should verify that his conclusions concerning Plaintiff's RFC are adequately explained, in order to eliminate the need for any future remand.

## V. Conclusion

In short, the record simply does not permit the Court to determine whether the ALJ's determination of Plaintiff's RFC is supported by substantial evidence, and, accordingly, the Court finds that substantial evidence does not support the ALJ's decision in this case. The Court hereby remands this case to the ALJ for reconsideration consistent with this Order.

s/Alan N. Bloch  
United States District Judge

ecf:      Counsel of record